Commonwealth *v.* Searles, Appellant.

Argued November 28, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Barry J. Goldstein,* with him *Malcolm H. Waldron, Jr.,* for appellant.

*Bonnie B. Leadbetter,* Assistant District Attorney, with her *Milton M. Stein,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 16, 1973:

Appellant was sentenced on September 14, 1971, upon a conviction of a charge of assault with intent to rob, to a two to ten year term. The judgment of sentence was affirmed by the Superior Court on February 10, 1972. We granted appellant's petition for the allowance of an appeal to our Court because of our concern with the effects which Pennsylvania Rule of Criminal Procedure 312, the alibi-notice rule, had on his trial. His defense to the charge was one of alibi, the contention being that he was in a bar, Richard's Lounge, during the time the robbery was committed. Defense counsel gave the notice required under Rule 312 of his intention to assert the defense, but named as witnesses only appellant and one Dorothy McMillan. The witness, McMillan, was asked on cross-examination whether any others were present in the bar at the same time. She named a Mr. Lawton and a Mr. Monroe. When appellant was on the stand, he was asked: "Thinking back, can you think of anyone who can come into court and say they remember you being in the bar until quarter of 12:00?"

The defense objected and the following discussion took place at the side bar conference: "THE COURT: What is the basis of your objection? MR. MCNEAL (defense attorney) : I had planned to bring in several alibi witnesses. THE COURT: Had you notified the District

Attorney? MR. MCNEAL: No, and Mr. Klein called my attention to the fact that I had not given him five days notice, according to the rules. Now he is proceeding to question the defendant regarding alibi witnesses, when he knows it's because of his request that I am not presenting them. THE COURT: Didn't your alibi witness testify to some other names, and she was asked the question, Did the defendant know these people, and she said yes? Now I don't know how—MR. MCNEAL: He has objected to the alibi witnesses because I didn't meet the five day rule. THE COURT: That's different, that's perfectly proper. He objects to your bringing in alibi witnesses because you haven't given him proper notice. That has nothing to do with the proceduure of the trial of this case. I'm sure you would have objected, if the Commonwealth hadn't presented witnesses and they didn't give you the names, you would have an inference to charge to the jury that so and so is a witness and the Commonwealth didn't bring him in. I'm not saying that is the case, but I'm saying he is correct. Your objection is overruled."

When cross-examination of the defendant was resumed, the following took place: "Q. Did you discuss your whereabouts on June 27, 1970, with possibly a dozen other persons before you spoke to Miss McMillan or after you spoke with Miss McMillan? A. After I spoke with Miss McMillan. Q. Were any of these other dozen persons, to your knowledge, in the bar with you until about 11:45 on June 27, 1970? MR. MCNEAL: Objection, Your Honor. THE COURT: Overruled. A. Yes, some were at the bar. Q. Some of them were? A. Yes. Q. What are their names? A. Thomas Monroe, Russell Peterson, Gene Thompson. That's all the names I can think of, offhand. Q. Do you know where to locate these people? A. Yes, I know. Q. Prior to this case

going on trial had you ever told Mr. McNeal the names of these people?"

Appellant argues that this cross-examination undertaken by the district attorney violates Rule 312(d), which states: "No adverse inference may be drawn against a defendant, nor may any comment be made concerning his failure to call available alibi witnesses, where such witnesses have been prevented from testifying by reason of this rule, unless the defendant or his counsel shall attempt to explain such failure to the jury. Adopted June 30, 1964. Eff. Jan. 1, 1965."

In his opinion, the trial judge concludes that there was no error because the cross-examination was for purposes of impeaching credibility, not creating an adverse inference. We do not find such semantics persuasive, since an inference that one's testimony is not to be believed must surely be considered "adverse."

The Commonwealth argues that Rule 312(d) was not violated because there was no showing that the witnesses were "available" and appellant made no effort to produce those witnesses. However, appellant's counsel told the district attorney of the existence of the witnesses, the district attorney objected, and the court later commented that the district attorney's objection was perfectly proper. Under these circumstances, an offer to produce the witnesses would appear to have been a useless act.

Since the Commonwealth, under Rule 312, sought to bar appellant from calling the alibi witnesses whom he did not name in his pretrial notice, Rule 312(d) required that the Commonwealth not take unfair advantage by commenting on the failure to call these witnesses. The Commonwealth's violation of the rule requires that a new trial be granted.

Appellant also objects to the seizure of a notebook containing samples of his handwriting which was of-

fered into evidence. The warrant under which the search was conducted sought only "check and check-writing equipment." The Commonwealth argues that the police officer explained to the magistrate that he was looking for "check-writing" equipment to discover handwriting samples and that the Commonwealth could have compelled the production of such samples at any time.

If what was desired was handwriting samples, they could have been taken personally from the defendant at a later time. *Gilbert v. California,* 388 U.S. 263 (1967). The contents of appellant's notebook were private, were protected by the Fourth Amendment, and could not be seized unless described with particularity in the warrant. *Stanford v. Texas,* 379 U.S. 476 (1965) ; *Commonwealth v. Smyser,* 205 Pa. Superior Ct. 599, 211 A. 2d 59 (1965).

Judgment of sentence reversed and case remanded for new trial.