Commonwealth *v.* Coleman, Appellant.

2

Submitted April 11, 1974.   Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Blair V. Pawlowski* and *Fremont J. McKenrick,* Public Defender, for appellant.

*Caram J. Abood,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

Appellant contends that he has been denied an opportunity for meaningful appellate review of his two convictions because the transcripts of those proceedings were destroyed by fire.

The appellant was tried by a jury and convicted of the charge of assault and battery. Following the conviction, he filed a motion for a new trial. On October 30, 1967, appellant appeared in Court and withdrew his motion. On the same date, he entered a plea of nolo contendere to a charge of burglary. He was sentenced to a term of imprisonment of one to two years on each offense, the sentences to run concurrently. A transcript of the proceedings of October 30, 1967, was never lodged. In February, 1972, the appellant filed PCHA petitions alleging that the withdrawal of his motion for a new trial and his plea of nolo contendere on the second charge were not made voluntarily and understandingly.

At the post-conviction hearing, the Commonwealth reported to the Court that the notes taken by the stenographer on October 30, 1967, had been destroyed in a fire. Appellant questioned his trial counsel, who did not recall any of the events that took place on that date. Commonwealth called no witnesses to rebut appellant's contention. Despite this total absence of proof to dispel appellant's contentions, the petitions were dismissed. This appeal followed.

In the instant case, the appellant, by withdrawing his motion for a new trial and in entering a plea of nolo contendere, effectively waived his right to a direct appeal. He was limited in raising a limited number of enumerated issues, including the right to attack the entry of a plea or a waiver of his constitutional rights on the ground that said act was involuntarily and unknowingly made. 19 P.S. §1180-3(c).

4

While it may generally be said that the burden is upon the defendant to establish that the entry of his plea or the waiver of post-trial motions was not made voluntarily and understandingly. See e.g., *Commonwealth v. Hill*, 327 Pa. 614, 235 A. 2d 347 (1967), the converse is true where the record is silent. *Douglas v. California*, 373 U.S. 353 (1963), announced the constitutional right of an indigent to counsel on appeal, a right without which a defendant would be denied a "meaningful appeal". In *Commonwealth v. Anderson*, 441 Pa. 483, 272 A. 2d 877 (1971), our Supreme Court first enunciated the law that a *Douglas* right of appeal is denied, and a new trial is mandated where no transcript or other equivalent picture of what transpired in the trial court was available for appellate review even though trial counsel had failed to request a stenographic recording of the trial. *Commonwealth v. DeSimone*, 447 Pa. 380, 290 A. 2d 93 (1972), in holding *Anderson* fully retroactive, stated at 384-385: "Simple logic and justice require that once a defendant is guaranteed a right of appeal . . . he must be provided with a 'transcript or other equivalent picture of what transpired below' in order to have a 'meaningful appeal.' It is just as constitutionally impermissible to deny a defendant a record necessary for appellate review as it is to deny him the assistance of counsel necessary to prosecute the appeal."

In the instant case, Commonwealth could only explain that the transcript had been destroyed. No witnesses were produced to "reconstruct" or to provide an "equivalent picture of what transpired below". As the record was silent ". . . as to what, if anything, the defendant was told about his appellate rights, the burden of proof in a collateral proceeding is upon the Commonwealth to show that these rights were knowingly and intelligently waived." *Commonwealth v. Ezell*, 431 Pa. 101, 103, 244 A. 2d 646 (1968) (silent record in the

face of appellant's contention that his waiver of post-trial motions was unknowingly and involuntarily made). In addition, the severe consequences of a plea of nolo contendere, denying the defendant his right to be proven guilty beyond a reasonable doubt in a jury trial, compel the Commonwealth to come forward with a clear record or an "equivalent picture" showing that the plea was voluntary and knowing. In a case similar to the instant appeal, the Supreme Court of Pennsylvania ordered a new trial where substantial and pertinent portions of the notes of testimony were never transcribed because the stenographer became ill and later died.[1] Relying on *Douglas* and *Anderson,* the Court stated at 25: "In this case, the trial was stenographically recorded but a full transcript was never filed, as legally required. The difference is not material. A meaningful appellate review is impossible absent a full transcript or an equivalent picture of the trial proceedings. If a meaningful appellate review is impossible, *for whatever reason, and the appellant is not at fault,* he is entitled to a new trial." The Court went on to say: "The Commonwealth may attempt to reconstruct an equivalent picture and in so doing utilize whatever witnesses may be available, including trial counsel. The responsibility, however, for reconstruction is the Commonwealth's." 452 Pa. at 29.

The trial record on the charge of assault and battery has been preserved. What is lacking is the transcript of proceedings which took place on October 30, 1967, when appellant withdrew his motion for a new trial on that charge, and entered a plea of nolo contendere on the charge of battery.

We, therefore, reverse the order of the court below denying the appellant post-conviction relief, and direct that the appellant be granted leave to file his post-trial

[1] *Commonwealth v. Goldsmith,* 452 Pa. 22, 304 A. 2d 478 (1973).

motions *nunc pro tunc*, at No. D-108, March Term, 1967; and, remand the case at No. 18 O. & T. March Term, 1967, for a new trial.

