Commonwealth *v.* Williams, Appellant.

Submitted January 8, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

reargument refused February 13, 1974.

*Dennis H. Eisman, Gerald A. Stein,* and *Needleman, Needleman, Tabb & Eisman,* for appellant.

*Maxine J. Stotland, James T. Ranney,* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, November 26, 1973:

This case raises the interesting question of the effect of the failure of the trial judge to comply with Pa. R.

Crim. P. 1101[1] providing in pertinent part for an on-the-record inquiry prior to the acceptance of a waiver of trial by jury.

After a non-jury trial the appellant was convicted of two indictments charging assault and battery with the intent to murder and a separate indictment charging burglary. Post-trial motions were argued and denied and a sentence of imprisonment of three and one-half to seven years was imposed. The Superior Court affirmed, per curiam, and this Court denied appellant's request for allocatur.

Subsequently appellant filed a petition under the Post Conviction Hearing Act[2] which was denied by the Court of Common Pleas without a hearing. After an appeal of this denial the Superior Court remanded the cause for a hearing on the allegations set forth in the petition. After the mandated hearing the court below again denied the requested relief and their order was affirmed by the Superior Court with two judges dissenting, *Commonwealth v. Williams*, 222 Pa. Superior Ct. 484, 294 A. 2d 909 (1972). We granted allocatur and will now consider the issues presented.

Appellant urges that the failure of the court to establish on-the-record that the waiver of the right to trial by jury was knowingly and intelligently entered as required under Pa. R. Crim. P. 1101[3] vitiated the

---

[1] Although Rule 1101 has recently been revised by this Court (see Amendment by Order of March 29, 1973) the language herein under consideration remains unchanged.

[2] Act of January 25, 1966, P. L. (1965) 1580, §1, effective March 1, 1966, 19 P.S. §1180 *et seq.*

[3] The version of Rule 1101 in effect at the time of the trial in this case provided:

"Rule 1101. Waiver of Jury Trial

"In all cases, except those in which a capital crime is charged, the defendant may waive a jury trial with the consent of his attorney, if any, the attorney for the Commonwealth, and approval by a judge of the court in which the case is pending, and elect to

entire proceedings and now entitles him to a new trial. The transcript of the proceedings reveal that a signed written waiver in conformity with the directions of Rule 1101 was filed and the record also contained a statement by counsel for the defense that "I will waive all the way." Appellant's contention that the trial judge did not comply with that portion of the rule requiring him to "ascertain from the defendant whether this is a knowing and intelligent waiver and such colloquy shall appear on the record" is supported by the trial transcript and conceded by the Commonwealth.

The Superior Court justified its affirmance of the court below on the ground that the post-conviction hearing court had before it a signed waiver and had elicited testimony from appellant[4] during the hearing that would suggest that appellant was aware of the significance of the waiver at the time of trial.

The Commonwealth argues that we should not formulate a rule which would automatically vitiate the proceedings and allow the defendant to be rearraigned because of the lower court's failure to comply with the colloquy portion of Rule 1101. In the alternative they suggest that this omission can be satisfied if the Com-

---

be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record and shall be in the following form. . . .

[4] The record of the post-conviction hearing shows the following colloquy: "Q. Now at that time when you were called up to the bar of the court, you knew what a jury was, did you not? A. I never had a jury trial before. Q. I understand that, but you knew a jury consisted of twelve people who determined your guilt or innocence, is that correct? A. Correct. Q. You also heard the Judge explain to you that if you wanted, you could have that kind of a trial with twelve people to decide your guilt or innocence, didn't you hear the Judge say that to you? A. (No response). Q. Didn't you hear the Judge say that to you? A. Yes."

monwealth at a subsequent proceeding can establish that appellant at the time of trial possessed the requisite knowledge of the right to jury and that he did voluntarily waive his right.

Although we cannot presume a voluntary waiver of any constitutional right from a silent record, *Boykin v. Alabama*, 395 U.S. 238 (1969), *Carnley v. Cochran*, 369 U.S. 506 (1962); *Commonwealth v. Cornitcher*, 447 Pa. 539, 291 A. 2d 521 (1972), the issues here are whether a waiver can be found and upheld where it appears on the record in a subsequent hearing and the sufficiency of the subsequent colloquy in proving a knowing and intelligent waiver.

The appellant argues that we should make a per se prophylactic rule reversing convictions for failure to comply with Rule 1101,[5] despite the fact that a subsequent full and fair hearing proved the waiver of the constitutional right was knowing and intelligent. When we make rules for criminal proceedings we do so in order to protect the rights of the individual and therefore we expect strict compliance with those rules. However, a prophylactic exclusionary rule is applied only in extreme cases where all other attempts to secure compliance have proven unsuccessful. See generally *Mapp v. Ohio*, 367 U.S. 643, 651-652 (1961). In this area there has been no showing of widespread flagrant disregard to justify formulation of such a rule at this time.

Furthermore, where there is a subsequent proceeding in which the waiver is proven to be knowing and intelligent on the record such a prophylactic rule seems unnecessary since the purposes of the rule to ensure

---

[5] The United States Supreme Court under its supervisory powers formulated such a prophylactic rule in the case of noncompliance with Fed. R. Crim. P. 11 which provides the required constitutional procedure for acceptance of a guilty plea in federal court. *McCarthy v. U. S.*, 394 U.S. 459 (1969).

the constitutionality of the waiver and our ability to review it, are satisfied. See *Commonwealth v. Godfrey*, 434 Pa. 532, 538, 254 A. 2d 923 (1969) (Roberts, J., concurring).

Nevertheless, in the instant case we do agree with appellant that the record on its face, even considering the subsequent hearing, does not justify the finding of a knowing and intelligent waiver.[6] All that the record reveals is appellant's knowledge that he could have a trial in which twelve men decide his guilt or innocence. Nowhere on the record is there any indication that he knew the essential ingredients of a jury trial which are necessary to understand the significance of the right he was waiving. These essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel. In *Commonwealth v. Fugmann*, 330 Pa. 4, 198 A. 99 (1938) these rights were held to be a necessary and integral part of the Pennsylvania Constitutional provision requiring that "the trial by jury shall be as heretofore, and the right thereof remain inviolate," Pa. Const. art. 1, §6.[7]

In view of the failure of the record to establish that appellant had sufficient knowledge of the right which it is now contended he waived, we are unable to find that the waiver was either knowing or intelligent, *Commonwealth v. Hooks*, 450 Pa. 562, 301 A. 2d 827

---

[6] In view of our disposition of this argument in appellant's favor, we need not consider the other argument raised in his brief dealing with ineffective assistance of counsel.

[7] The United States Supreme Court has recently rejected the concept that the States are subject to the unanimity requirement under the due process clause of the federal constitution, *Johnson v. Louisiana*, 406 U.S. 356 (1972), and *Apodaca v. Oregon*, 406 U.S. 404 (1972).

(1973) ; *Commonwealth v. Stokes,* 450 Pa. 167, 299 A. 2d 272 (1973) ; *Commonwealth v. Garrett,* 439 Pa. 58, 266 A. 2d 82 (1970). The failure to comply with Rule 1101 resulted in the very harm that it was designed to prevent.

The order of the Superior Court affirming the judgment of sentence is reversed and a new trial is awarded.

Mr. Justice EAGEN concurs in the result.

Mr. Chief Justice JONES dissents.