364 A.2d 954
**COMMONWEALTH of Pennsylvania**
v.
**John BOMAR, a/k/a Paul Bomar, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 25, 1975.

Decided Sept. 27, 1976.

John J. Dean, Stephen P. Swem, Pittsburgh, for appellant.

John J. Hickton, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The appellant, John (a/k/a Paul) Bomar, came before the Court of Common Pleas of Allegheny County on May 7, 1974, on indictments charging larceny, receiving stolen goods, assault and battery, resisting arrest, theft by receiving stolen goods, and various drug violations. While represented by counsel, he waived his right to jury trial and entered not guilty pleas to all indictments. At his trial, appellant successfully demurred to one charge, but was found guilty on most of the remaining charges. It *appears* that he filed post-trial motions, which shall be

more fully discussed, below. Following sentencing, he filed the instant direct appeal to our Court.

The appellant raises only one claim on this appeal. He contends that he did not knowingly and intelligently waive his right to jury trial. He cites Pennsylvania Rule of Criminal Procedure 1101 and *Commonwealth v. Williams,* 454 Pa. 368, 312 A.2d 597 (1973). From the present state of the record, we find it impossible to review the merits of appellant's claim.

As noted above, appellant *apparently* filed post-trial motions from the May, 1974 determinations of guilt by the trial judge. This filing is indicated by the docket entries in the original record forwarded to our Court and by the notations in the trial court's Opinion and Supplemental Opinion that post-trial motions were heard and denied prior to sentencing. These Opinions primarily discuss the issue of whether or not the evidence was sufficient, but fail to mention waiver of jury trial. The record lacks any written post-trial motions and no transcript of argument on post-trial motions has been made available to us. The District Attorney claims that the appellant's sole argument on appeal was not raised before the lower court. In view of these circumstances, and while great doubt has been created, we find it impossible to determine with certainty whether or not appellant raised the jury waiver arguments in post-trial motions. Of course, we cannot consider issues not properly preserved by inclusion in post-trial motions before the lower court, and must consider such issues waived.[1]

*Commonwealth v. Agie,* 449 Pa. 187, 296 A.2d 741 (1972).

We are constrained to remand the case to the lower court for a clarification of whether or not appellant

1. Since the post-trial motions in this case were considered prior to *Commonwealth v. Blair,* 460 Pa. 31, 33 n. 1, 331 A.2d 213, 214 n. 1 (1975), the absence of written post-trial motions cannot, alone, be the basis for a finding of waiver of the issue. *Commonwealth v. Bailey,* 463 Pa. 354, 344 A.2d 869 (1975).

raised the specific claim in post-trial motions that he did not knowingly or intelligently waive his right to jury trial.[2]  If the issue was raised, the lower court should then examine the jury waiver colloquy on the record in light of *Commonwealth v. Williams, supra,* and other applicable precedent.  If the lower court determines that the issue was not preserved, the appellant may subsequently contest that finding, as well as the underlying jury waiver issue, to our Court in any further appeal proceedings he may wish to follow.[3]

Remanded with directions.

2.  The learned lower court may find a hearing necessary to resolve this issue.

3.  It is noted that appellant may not raise additional issues in any future proceedings on *this direct* appeal, as no others have been included in arguments presented to this Court.  Any additional contentions, if attempted, would clearly be untimely filed.