389 A.2d 133

**COMMONWEALTH of Pennsylvania**

· v.

**Richard GUENZER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 23, 1977.

Decided July 12, 1978.

588

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from a judgment of sentence of the Court of Common Pleas of Philadelphia County, Criminal Trial Division. Appellant was convicted of robbery, theft by extortion and simple assault. He was sentenced to one to three years' imprisonment on the robbery charge, two years probation on the simple assault to begin at the expiration of

the imprisonment on the robbery charge, and one year on the extortion charge, to run concurrently with the assault probation.

Appellant's first contention is that the evidence was insufficient to prove that a robbery was committed. No issue regarding sufficiency of identification evidence is raised.

The Commonwealth's evidence, which we must accept as true in determining the sufficiency issue, established the following:

On March 25, 1976, Ms. Barbara Lips, a middle-aged woman, was walking along a Philadelphia street when she was approached from behind by appellant, who began tugging on her purse. She was unwilling to relinquish it and was consequently pulled, still holding the purse, into the middle of the street, and thrown to the roadway. She suffered several bruises, scrapes, and sore muscles, and developed laryngitis as a result of screaming continuously during the incident. Appellant succeeded in getting the purse from her and fled. He was chased and caught by a bystander.

The section of the Crimes Code [1] under which appellant was charged, Section 3701(a)(1)(ii), reads as follows:

"(1) A person is guilty of robbery if, in the course of committing a theft, he:

. . . . .

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury."

Although Ms. Lips did not testify that she was in fear, we think there was sufficient circumstantial evidence to establish that she was placed in fear of serious injury. She was dragged into the middle of a street and thrown to the ground by a stranger obviously determined to take her purse notwithstanding any resistance she might offer. Not to fear serious bodily injury in such a situation would be an abnormal reaction, and any remaining doubt as to Ms. Lips' state of mind is removed by her screaming, described at trial by

1. Act of December 6, 1972, P.L. 1482, No. 334, § 3701, 18 C.P.S.A. 3701, effective June 6, 1973.

the bystander who captured appellant as "ungodly scream-ing, a steady screaming."

Appellant claims that an intention on his part to put Ms. Lips in fear was not proved. His argument seems to be that he only wanted the purse, and the conduct which caused her fear would not have occurred had she let go at the first tug. We find this argument unconvincing.

Appellant also contends that the evidence was insufficient to prove theft by extortion. The section of the Crimes Code defining that offense, Section 3923, reads in pertinent part:

"(a) . . . A person is guilty of theft if he intentional-ly obtains or withholds property of another *by threatening to* :

(1) Inflict bodily injury on anyone or commit anoth-er criminal offense . . . [Emphasis added]."

The extortion statute clearly requires a causal nex-us between the threat and the victim's surrender of proper-ty. Even assuming arguendo that appellant's conduct was a threat within the meaning of Section 3923, no nexus was shown here. It is not clear from the record whether Ms. Lips finally gave up and let go of the purse as a result of being overcome by fear or whether it was wrested from her. The ambiguity does not affect the robbery conviction, as the common-law requirement of a nexus between the threat or the placing in fear and the deprivation of property was abrogated, as to robbery, by the Crimes Code. See *Commonwealth v. Mays*, 248 Pa.Super. 318, 375 A.2d 116, Note 1 at 118. We note in passing that we doubt the applicability of the extortion statute to purse-snatchers.

Appellant contends that the colloquy by which he waived his right to a jury trial was defective. This issue was not raised on post-trial motions. The allegedly defec-tive colloquy is therefore not, in and of itself, a basis for relief at this point. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). However, appellant also argues that the defect in the colloquy reflected ineffective assistance of counsel. If this is true, the absence of any mention of the colloquy in the post-trial motions (which were made orally at

the close of trial and raised only the sufficiency issues) does not preclude us from considering whether the colloquy was defective, as counsel cannot be expected to raise the issue of his own ineffectiveness. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

Appellant's specific complaint is that he did not know a jury was to be chosen from members of the community; however, during the colloquy, he answered the following question in the affirmative:

"Do you understand that you have an absolute right to be tried by a jury of 12 of your peers, and in order for them to find you guilty, all 12 of them must unanimously agree that you are guilty of each and every charge and each and every element of each charge beyond a reasonable doubt; do you understand that?"

Appellant's own brief includes the following excerpt from *Commonwealth v. Williams*, 454 Pa. 368, 373, 312 A.2d 597, 600 (1973):

"[The] essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel."

While the better practice may be so elaborate on the meaning of the word "peers," we do not consider a failure to do so to constitute ineffectiveness of counsel.

Appellant's final contention is that the offenses of robbery and simple assault merge. This issue was not raised below, and any error in convicting him on both counts is waived, as he concedes. *Commonwealth v. Walker*, 468 Pa. 323, 362 A.2d 227 (1976). However, the illegality of a sentence is not a waivable issue. *Commonwealth v. Walker*, supra. In *Commonwealth v. White*, 250 Pa.Super. 647, 379 A.2d 617 (1977), we held that a conviction for simple assault merges with a robbery conviction under 18 P.S. Sec. 3701(a)(1)(ii), the section under which appellant is charged. Accordingly, the probationary term for simple assault must be vacated.

The judgment and sentence for robbery are affirmed;[2] the judgment of conviction for simple assault is affirmed; the judgment of sentence for simple assault is vacated; the judgment and sentence for theft by extortion are reversed and appellant is discharged from the theft by extortion charge.

HOFFMAN, J., dissents and would remand for resentencing on the basis of *Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1972).

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

2. *Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1972) holds that where the invalidity of a conviction on one count which may have influenced the sentence of another becomes apparent, all sentences should be vacated and the case remanded for resentencing on the valid counts without consideration of the invalid ones. However, here the trial judge imposed separate sentences on each count. This negates the possibility that the assault and extortion counts had any prejudicial effect on the sentencing decision on the robbery charge. In fact, if the other counts had any effect, it was to *reduce* the sentence: had the judge sentenced only on robbery, as he should have done, the sentence on that charge might have been more severe. It is most unlikely that the trial judge, had he been dealing with only the robbery count, would have given appellant less than the one to three years he gave him. A mechanical application of *Lockhart* to this case would produce a remand that would be a "mere procedural exercise." *Commonwealth v. Grant*, 235 Pa.Super. 357, 341 A.2d 511 (1975).