389 A.2d 1201

**COMMONWEALTH of Pennsylvania**

v.

**Rodney KNIGHT, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided July 12, 1978.

Peter T. Campana, Williamsport, for appellant.

Harold B. Fink, Jr., District Attorney, Coudersport, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was found guilty by a judge sitting without a jury. On appeal he contends that trial counsel was ineffective in failing to assign in post-verdict motions the issue of the absence of a jury-trial waiver conforming to the requirements of Pa.R.Crim.P. 1101.

Rule 1101 requires a written waiver of jury trial, and an on-the-record colloquy establishing that the defendant knows the elements of his right to a jury trial. The record in this case contains neither. Therefore there is arguable merit, *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977), to the claim that this issue should have been raised in post-verdict motions. Furthermore, under the recent case of

*Commonwealth v. Morin*, 477 Pa. 80, 383 A.2d 832 (1978), we must conclude on the state of the record before us in this case that trial counsel could have had no reasonable basis for his decision not to raise the issue in post-verdict motions.

Judgment of sentence reversed, the case remanded for new trial.*

PRICE, J., concurs solely on the grounds that there was no written waiver of jury trial as required by Pa.R.Crim.P. 1101.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

* Because of our disposition of the ineffectiveness issue we need not discuss a second issue raised by appellant.