390 A.2d 230

**COMMONWEALTH of Pennsylvania**

v.

**Ellison FORTUNE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided July 12, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Michael R. Stiles and Eric B. Henson, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

 Appellate counsel asks leave to withdraw, arguing that she can find no issues on which appellant might reasonably expect to get appellate relief.

In such cases, we are required to make our own "review of the record and brief," *Commonwealth v. Liska*, 252 Pa.Super. 103, 108, 380 A.2d 1303, 1305 (1977). Doing so here, we find that appellate counsel is mistaken.

Appellant waived his right to a jury trial. However, the waiver colloquy did not meet the requirements of *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973), in that the lower court failed to inform appellant that the jury would be composed of his peers, chosen from the members of his community. *Id.*, 454 Pa. at 373, 312 A.2d at 600.

 To raise this issue on appeal, appellant would have to argue that trial counsel was ineffective in failing to raise the issue in post-verdict motions. *Commonwealth v. Murray*, 233 Pa.Super. 10, 13–14, 334 A.2d 678, 680 (1975). Here, trial counsel was a member of the Defender's Association, as is appellate counsel. Although appellate counsel is not precluded from raising a colleague's ineffectiveness, *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978) (dictum), appellate counsel here has made it plain that she is unwilling to do so, as she feels "burdened with an obvious conflict of interest." Appellant's Brief at 11 n.*.

Under these circumstances, we remand the case for appointment of new, non-Defender counsel who may (if appellant wishes it) raise the jury-waiver and ineffectiveness issues in a new brief filed at this term number. So ordered.

JACOBS, President Judge and VAN der VOORT, J., dissent.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

PRICE, Judge, concurs and dissents:

I concurred in the result in *Commonwealth v. Liska*, 252 Pa.Super. 103, 380 A.2d 1303 (1977) because I did not agree with the language now cited by the majority as precedent in this situation for spelling out in advance, and in effect approving the merits of, an argument not yet advanced to this court. I am strongly opposed to this practice. Therefore, like the majority, I would deny the petition to withdraw. However, I would not remand for the appointment of new counsel. I would simply deny the petition to withdraw and indicate that our review reveals an arguably meritorious issue requiring an advocate's brief on the merits within thirty days or risk sanctions.