section398 A.2d 716

**COMMONWEALTH of Pennsylvania**

v.

**Herbert A. BOUIE, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided March 2, 1979.

---

Richard R. Lunenfeld, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, Judge:

Appellant files this petition, under the Pennsylvania Post Conviction Hearing Act (PCHA), challenging the validity of his conviction for possession of an instrument of crime and three counts of robbery. Basically, appellant claims that his waiver of his right to a jury trial was not voluntary and so his trial counsel was ineffective for failing to fully explain this right to appellant before trial and for counsel's failure to raise this issue on appeal. Appellant's argument is patently without merit and we affirm the lower court's dismissal of appellant's petition.

■ The controlling decision for waiver of the right to a jury trial is *Commonwealth v. Williams,* 454 Pa. 368, 312 A.2d 597 (1973). In that case, the Supreme Court said that for an accused's waiver of a jury trial to be valid, it must appear from the record that the accused was advised of the "essential ingredients" of the right to a jury trial. These "essential ingredients" are, in the words of the Court, "the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." 454 Pa. at 373, 312 A.2d at 600. Appellant quotes this portion of the *Williams* opinion and argues that he was not properly advised of his right to a jury trial because no one used the word "peers" while advising appellant of this right. Appellant's argument is patently frivolous.

The record indicates that the colloquy preceding appellant's jury trial waiver consumed five full pages of the trial transcript. The colloquy, which was conducted by both defense counsel and the trial judge, covers, *inter alia,* all of the "essential ingredients listed in *Williams.* Though it is true that neither counsel nor the trial judge used the word "peers," this concept was conveyed to appellant via simpler, everyday terms. On this point, the judge said to appellant,

"You understand that if you chose to be tried by a jury which consists of twelve people chosen from a larger group, you would have a right to assist your attorney in selecting those twelve people. Do you understand that?"

To this appellant replied, "Yes." Similarly, defense counsel put this question to appellant,

"Do you understand it is your right to have all the facts in this case, your guilt or innocence of this offense, to be heard by a jury of twelve people who are pulled from a panel which has been empaneled?"

Appellant replied in the affirmative.

■ Nothing in the *Williams* decision indicates that the precise language used in *Williams* must be read to the

accused as long as the "essential ingredients" of a jury trial are explained to an accused. In fact, the word "peers," while not a particularly unusual word, is not typically used in everyday language and it may be that the trial court wanted to be certain that appellant understood this concept, particularly in view of the fact that appellant did not complete high school. Therefore, we find that the lower court's failure to use the word "peers" in advising appellant of his right to a jury trial does not constitute error and so trial counsel was not ineffective for failing to raise this patently frivolous issue. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

Accordingly, the order of the court below denying post conviction relief is hereby affirmed.

SPAETH, J., concurs in the result.

JACOBS, former Presiding Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.