407 A.2d 1355

**COMMONWEALTH of Pennsylvania**

v.

**Kevin Alan FRIEDMAN, Appellant.**

Superior Court of Pennsylvania.

Argued March 20, 1979.

Decided July 27, 1979.

Gary Kleitman, Norristown, for appellant.

Terri Marinari, Assistant District Attorney, submitted a brief on behalf of Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

■ Appellant contends, *inter alia*,[1] that he should have a new trial because he was not informed during a waiver colloquy that he had a right to a trial by a jury chosen from members of his community. We agree and, accordingly, remand for a new trial.

---

1. Appellant also contends that the lower court erred in not suppressing his statement to police because he was not given *Miranda* warnings. The suppression court found that appellant had voluntarily entered the police station where he spontaneously gave his statement. Our review reveals that the record of the suppression hearing adequately supports the factual findings and legal conclusions of the court. *See Commonwealth v. Brown,* 473 Pa. 562, 566, 375 A.2d 1260, 1262 (1977). Thus we agree with the suppression court that appellant's statement was not the product of a "custodial interrogation" and, hence, *Miranda* warnings were not required. *See Oregon v. Mathiason,* 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977); *Commonwealth v. Anderson,* 253 Pa.Super. 334, 385 A.2d 365 (1978).

On October 27, 1977, Cheltenham Township police arrested appellant and charged him with violating various provisions of the Pennsylvania Motor Vehicle Code.[2] The charges stemmed from a hit-and-run automobile accident in which a pedestrian was injured. On March 8, 1978, the following colloquy occurred:

"BY MR. McBRIEN [Defense Counsel]:

"Q. Kevin, you are still under oath from yesterday. Do you understand that you have the right to have a *panel of jurors* brought into this room to participate with me in the selection of the 12 jurors that would sit in deliberation of this case? Do you understand you have that right?

"A. Yes.

"Q. Do you understand that by electing to be tried by Judge Vogel sitting without a jury that you are waiving that right?

"A. Yes.

"Q. Do you understand that those 12 men and women of the jury that we might have selected have to unanimously agree that you are guilty beyond a reasonable doubt before you can be convicted? Do you understand that?

"A. Yes.

"Q. Do you understand that by waiving the right to have the jury present that you are giving up that right to have them find you unanimously guilty?

"A. Yes.

"Q. Do you have any questions about this waiving of the jury trial at all?

"A. No.

"BY THE COURT:

"Q. Do you understand that you could have this heard before another Judge?

"A. Yes, Your Honor.

"Q. Do you understand that?

2. 75 Pa.C.S.A. §§ 3742(a), 3744(a), and 3746(a).

"A. Yes.

"Q. Since I heard the motion to suppress, you would be free to have it heard before another Judge rather than myself. Are you aware of that?

"A. Now I am, yes.

"MR. McBRIEN: I have no other questions relating to this part of the proceeding.

"MISS MARINARI [Assistant D. A.]: I have no questions. (Witness excused.)

\* \* \* \* \* \*

"THE COURT: All right. Has he signed the waiver?

"MR. McBRIEN: Yes, sir.

"THE COURT: With the knowledge that he could have a jury trial or trial by judge without a jury, and also that he could be tried by another judge without a jury but he has agreed to be tried by this Court even though this Court has heard the motion. The motion will be granted to hear this matter.

"Is that satisfactory to the Commonwealth?

"MISS MARINARI: Yes, Your Honor.

"THE COURT: You may proceed with the Commonwealth's case." (emphasis added).

Appellant then signed a written waiver of the form specified in Pa.R.Crim.P. 1101.

Appellant's non-jury trial immediately followed. The lower court found appellant guilty as charged and, after denying post-verdict motions,[3] sentenced him to pay a fine and costs of prosecution. This appeal followed.

■ In *Commonwealth v. Williams*, 454 Pa. 368, 373, 312 A.2d 597, 600 (1973), our Supreme Court held that a waiver of a jury trial is not knowing and intelligent unless the record indicates that the accused knew the "essential ingre-

---

**3.** Although appellant did not challenge the validity of his waiver until the post-verdict stage of proceedings, he has preserved the issue for our review. *See Commonwealth v. Greene,* 483 Pa. 195, 394 A.2d 978 (1978).

dients of a jury trial." *See Commonwealth v. Boyd,* 461 Pa. 17, 334 A.2d 610 (1975). One of these essential ingredients is the requirement that "the jury be chosen from members of the community (a jury of one's peers)." *Williams, supra.* In *Commonwealth v. Guenzer,* 255 Pa.Super. 587, 592, 389 A.2d 133, 135 (1978), we stated that it was permissible under *Williams* to inform an accused of his right to be tried "by a jury of 12 of [his] peers," although "the better practice may be to elaborate on the meaning of the word 'peers.'" However, when the record reveals that no explanation of one of the "essential ingredients" was given, we must remand for a new trial. *See Commonwealth v. Greene,* 483 Pa. 195, 394 A.2d 978 (1978); *Commonwealth v. Morin,* 477 Pa. 80, 383 A.2d 832 (1978); *Commonwealth v. Duncan,* 266 Pa.Super. 112, 403 A.2d 119 (1979); *Commonwealth v. Knight,* 256 Pa.Super. 434, 389 A.2d 1201 (1978).

 In the instant case, the Commonwealth argues that the mere phrase "panel of jurors", as used in the waiver colloquy conducted by appellant's attorney,[4] informed appellant of his right to a jury chosen from members of his community, *i. e.,* his peers. This argument is patently without merit. Neither the on-the-record colloquy nor the written waiver form signed by appellant sets forth the requirement. *Compare, Commonwealth v. Harmes,* 255 Pa. Super. 147, 386 A.2d 551 (1978). Accordingly, we must reverse and remand for new trial.

Reversed and remanded for new trial.

**4.** We have previously stated that the better practice is for the judge to conduct the colloquy. *See Commonwealth v. Alston,* 234 Pa.Super. 639, 340 A.2d 507 (1975); *Commonwealth v. Bullock,* 232 Pa.Super. 317, 320 n. 2, 332 A.2d 459, 460 n. 2 (1974). The instant case illustrates the problems of hastily prepared waiver questions. Not only did defense counsel omit any mention of the requirement that a jury be selected from members of appellant's community, *see* text *infra,* but also his question may be read to mean, nonsensically, that the panel of jurors, not appellant, would participate with counsel in the selection of 12 jurors. We would urge again, therefore, that judges conduct the waiver colloquies on the basis of carefully prepared questions which satisfy the requirements of *Williams* and Pa.R. Crim.P. 1101.