411 A.2d 494

**COMMONWEALTH of Pennsylvania**

v.

**Nathaniel HARRIS, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 9, 1979.

Decided Dec. 21, 1979.

Reargument Denied March 5, 1980.

142

John W. Packel, Elaine De Masse, Philadelphia, Philadelphia County, for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Jane C. Greenspan, Asst. Dist. Atty., Philadelphia County, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## ORDER

PER CURIAM:

█ Judgment of Sentence affirmed by an equally divided court.

LARSEN, J., filed an Opinion in Support of Affirmance in which EAGEN, C. J., and FLAHERTY, J., join.

ROBERTS, J., filed an Opinion in Support of Reversal in which O'BRIEN and NIX, JJ., join.

MANDERINO, J., did not participate in the decision of this case.

## OPINION IN SUPPORT OF AFFIRMANCE

LARSEN, Justice.

█ The trial court's colloquy was adequate. Therefore, there can be no ineffective assistance of counsel. The judgment of sentence should be affirmed.

EAGEN, C. J., and FLAHERTY, J., join in this opinion.

## OPINION IN SUPPORT OF REVERSAL

ROBERTS, Justice.

Appellant Nathaniel Harris contends, and the record clearly establishes, that the trial court's colloquy on the waiver of appellant's right to jury trial was inadequate. See Pa.R.Crim.P. 1101 and *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973). Trial counsel's failure to raise the inadequate colloquy issue in post-verdict motions renders counsel's assistance ineffective. See *Commonwealth v. Morin*, 477 Pa. 80, 383 A.2d 832 (1978). Accordingly, I would reverse the order of the Superior Court, vacate the judgment of sentence and remand for a new trial.

On December 26, 1974 appellant was convicted of robbery after a non-jury trial and was sentenced to three to ten

years imprisonment.[1]  On appeal, appellant raised the inadequacy of the jury waiver colloquy, but the Superior Court held the issue waived because not raised in post-verdict motions.  In this Court, appellant raised the jury waiver issue again, and also the claim that trial counsel was ineffective for failing to raise the inadequate colloquy in post-verdict motions.[2]  We requested supplemental briefs in light of our decision in *Commonwealth v. Morin*, supra, decided between submission of briefs and argument of the case.  An equally divided court affirmed the Superior Court in a per curiam order.  This Court subsequently granted reargument.

The requirement of a knowing and intelligent waiver has been applied to those rights which the Constitution guarantees to an accused citizen in order to preserve a fair trial. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).  Like the decisions whether to enter a guilty plea, whether to testify and whether to take an appeal, the decision whether to waive a jury trial is a fundamental, exclusive right of the accused. *Brookhart v. Janis*, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966); *Commonwealth v. Wright*, 444 Pa. 588, 282 A.2d 266 (1971); Comment, *Criminal Waiver; The Requirement of Personal Participation, Competence and Legitimate State Interest*, 54 Calif.L.Rev. 1262 (1966).  "Whether to be tried by a jury is an important matter to be decided by the defendant; it is not merely a tactical decision which may be left to defense counsel."  ABA Project on Minimum Standards for Criminal Justice, Trial by Jury, § 1.2(b).  The right to a jury trial is a personal constitutional right of the accused which may only be waived by his knowing and intelligent act.  The burden is on the Commonwealth to affirmatively establish "an intentional relinquishment or abandonment of a known right or privilege" in order to establish an effective waiver. *Johnson*

1.  Appellant was acquitted of the charge of simple assault in connection with the robbery.  He now contends that this acquittal and the conviction of robbery constitute inconsistent verdicts.  We do not address this issue in view of our disposition of this case.

2.  This Court granted allocatur on October 29, 1975 pursuant to 42 Pa.C.S.A. § 724.

*v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). See *Commonwealth v. Morin*, supra; *Commonwealth v. Wilson*, 430 Pa. 1, 241 A.2d 760 (1968).

Rule 1101, Pa.R.Crim.P., requires a trial judge, through a colloquy on the record, to ascertain whether a defendant has knowingly and intelligently waived his right to a jury trial before approving such waiver.[3] In *Commonwealth v. Morin*, supra, this Court again reiterated and reemphasized the essential components of a correct jury waiver colloquy as set forth in *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973):

> "The colloquy must indicate, at a minimum, that the defendant knew the essential protections inherent in a jury trial as well as the consequences attendant upon a relinquishment of those safeguards. Among the 'essential ingredients of a jury trial,' an understanding of which the accused must possess before a knowing and intelligent jury trial waiver can be made, are the requirements that the jury be composed of one's peers chosen from the members of the accused's community, that the accused has the right to participate in the selection of the jury, and that every member of that jury must be convinced, beyond a reasonable doubt, of the accused's guilt."

477 Pa. at 85, 383 A.2d at 834.

Thus, Rule 1101, our case law and the constitutional requirements of an informed waiver make manifestly clear that it is of critical importance to a knowing and intelligent waiver of jury trial that an accused citizen, in deciding whether to give up his right to a jury trial, be informed of

3. Rule 1101—Waiver of Jury Trial

"In all cases the defendant may waive a jury trial with the consent of his attorney, if any, and approval by a judge of the court in which the case is pending, and elect to be tried by a judge without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. . . ."

(Adopted January 24, 1968, as amended).

The need for and the importance of a record establishing an informed waiver has long been recognized. See Roberts, *Expanding Professional Responsibilities in the Field of Criminal Law*, 37 Pennsylvania Bar Association Quarterly 222 (1966).

his right to a jury selected from his peers in his community. *Commonwealth v. Williams*, supra.

The Commonwealth contends that the colloquy was adequate in view of the following dialogue:

"Q. You would have the right today to be tried by the judge sitting alone or by a judge sitting with a jury of twelve people. Do you understand that, sir?

A. Yes.

Q. If you should choose to be tried by a jury, then you would be permitted to participate, along with your attorney, in the selection of the jurors who would sit on this jury panel. Do you understand that, sir?

A. Yes." [4]

There is, however, nothing in this excerpt or elsewhere in the record to indicate that appellant was told that his right to a jury trial would give him the right to a jury selected from his peers in his community. Thus the record is undisputed that an "essential ingredient" of a proper colloquy preceding an informed waiver of jury trial was missing. *Commonwealth v. Morin*, supra. In view of the failure of the record to establish that appellant was correctly informed by the court colloquy of "the essential protections inherent in a jury trial," it must be concluded that the waiver was neither knowing nor intelligent. *Commonwealth v. Williams*, supra.

Appellant contends that trial counsel's failure to raise this inadequacy in post-verdict motions rendered assistance of counsel ineffective. I agree. In *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1957), this Court announced the rule that in every case the "particular course chosen by counsel [must have] *some reasonable basis* designed to effectuate his client's interests." We recently applied this rule with respect to an inadequate

---

4. Transcript at 6. Although part of the colloquy was conducted by defense counsel under the supervision of the court, nevertheless under our case law and Rule 1101, it remains the responsibility of the court to insure that a knowing and intelligent waiver is established by an on-the-record court colloquy. *Commonwealth v. Morin*, supra; *Commonwealth v. Williams*, supra; ABA Project, supra.

jury waiver colloquy in *Commonwealth v. Morin,* supra. There this Court said that a colloquy which is defective on the record should:

"cause any attorney competently pursuing the client's interests to raise the issue in post-verdict motions. Failure to bring that issue before the post-verdict and appellate courts cannot be said to have had a reasonable basis designed to effectuate appellant's interests on appeal."

477 Pa. at 86, 383 A.2d at 835.

Since the colloquy in the present case failed to address one of the *Williams* essential elements of the right to a jury trial, and was inadequate under Rule 1101, trial counsel was ineffective for failing to raise that issue in post-verdict motions. Manifestly, appellant here, as in *Morin* and *Williams,* is entitled to a new trial.[5] See also *Commonwealth v. Kulp,* 476 Pa. 358, 363, 382 A.2d 1209, 1212 (1978) (remand for new trial where record revealed colloquy on waiver of right to trial deficient under Rule 319(a) in failing to advise of range of sentences); *Commonwealth v. Willis,* 471 Pa. 50, 51–52, 369 A.2d 1189, 1189–90 (1977) (remand for new trial where Rule 319(a) colloquy did not inform defendant of presumption of innocence).

I would, therefore, reverse the order of the Superior Court, vacate judgment of sentence, and order a new trial.

O'BRIEN and NIX, JJ., join in this Opinion in Support of Reversal.

[5] Although trial counsel and appellate counsel were both from the Defenders Association of Philadelphia, there is no reason to remand the case for the appointment of new counsel, because the ineffectiveness appears on the record. "When the ineffectiveness of counsel is apparent from the record it would be a waste of judicial time not to decide the underlying issue when presented to us." *Commonwealth v. Pfaff,* 477 Pa. 461, 384 A.2d 1179 (1978). See also *Commonwealth v. Glasco,* 481 Pa. 490, 393 A.2d 11 (1978); *Commonwealth v. Gardner,* 480 Pa. 7, 389 A.2d 58 (1978); *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Patrick,* 477 Pa. 284, 383 A.2d 935 (1978); *Commonwealth v. Sherard,* 477 Pa. 429, 384 A.2d 234 (1977); *Commonwealth v. Wright,* 473 Pa. 395, 374 A.2d 1272 (1977).