Commonwealth *v.* Murray, Appellant.

Submitted September 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel*, Assistant Defender, and *Vincent J. Ziccardi*, Defender, for appellant.

*Maxine J. Stotland, Mark Sendrow*, and *Steven H. Goldblatt*, Assistant District Attorneys, *Abraham J. Gafni*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., March 31, 1975:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County, Criminal Trial Division, by the defendant-appellant, Roosevelt Murray, after conviction in a non-jury trial of selling narcotic drugs. Post-conviction motions were denied and he was sentenced to 2½ to 7 years in prison.

The appellant raises two issues in this appeal: (1) that his waiver of a jury trial was not knowingly and intelligently made; and (2) that he was denied his Sixth Amendment right to a speedy trial.

The record reveals that during the colloquy on the waiver of jury trial the defendant was informed by his counsel that he had a right to a jury trial and that a jury was comprised of 12 people selected from the community all of whom would have to be convinced that the defendant was guilty beyond a reasonable doubt before he could be convicted of the offenses with which he was charged.

At no time was the defendant informed that he had the right to participate in the jury selection.

Rule 1101 of the Pennsylvania Rules of Criminal Procedure provides that a defendant may waive a jury trial but that the court must determine whether the waiver was done knowingly and intelligently. In *Commonwealth v. Williams*, 454 Pa. 368, 312 A.2d 597 (1973) it was held that a defendant's waiver of his right to a jury trial is exercised knowingly and intelligently if he was aware of the essential ingredients of a jury trial at the time of the waiver. These essential ingredients are the requirements that a jury be chosen from members of the community, that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel. *Commonwealth v. Williams, supra.* Although the defendant in the instant case was advised by his own attorney during the waiver colloquy of the first two elements mentioned in *Williams, supra,* he was not informed that he had the right to participate in the selection of the jurors who would hear his case. However, it must be pointed out that in *Williams, supra,* the court did not set forth a prophylactic rule reversing convictions for failure to comply with Rule 1101 since there had been no showing of a widespread flagrant disregard to justify the adoption of such a rule. Turning to our case, it is apparent that the defendant was adequately advised by his own counsel of two of the three essential ingredients of a jury trial mentioned in *Williams, supra.*

The defendant waived any right he had to complain about the adequacy of the colloquy when he failed to raise the question of an unknowing waiver below either at trial, at the argument on post-trial motions, or at a post-conviction hearing, so that the court below had no opportunity to pass on the question. The questions asked at the colloquy were by his counsel, which we have already held not to be the best practice but it placed counsel in the strange position, to the disadvantage of the Common-

wealth, of not asking the required questions and then having the appellant appeal on the ground of inadequacy of counsel in failing to do so.

Defendant's second contention that he was denied his right to a speedy trial and unduly prejudiced thereby has no merit. Defendant claims that he was prejudiced by the delay because certain witnesses he may have been able to obtain, who were present in the taproom where the illegal drug sale was made, cannot now be found. However, defendant has named no specific witnesses he intended to call on his behalf and his contentions that such witnesses may exist is pure speculation on his part. It should also be noted that the defendant had been in federal custody from August 2, 1972 until May 14, 1973. Defendant had also requested a continuance on October 22, 1973 which had been granted. In any event he failed to raise this issue during post-trial motions before the court below and Rule 1100 of the Pennsylvania Rules of Criminal Procedure adopted June 8, 1973, the so called 180-day rule, is only to be applied prospectively and thus does not apply here. *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), suggested that the following criteria be evaluated in deciding questions regarding a defendant's Sixth Amendment right to a speedy trial: the length of the delay; the reason for the delay; the defendant's assertion of his right; and the prejudice to the defendant. The defendant has shown no prejudice as discussed above, he was responsible for at least part of the delay, and did not assert his right to a speedy trial until the day of trial. Even though the period of time between the initial arrest and the trial was great (20 months) defendant is not entitled now to a reversal on this ground because he has not shown any prejudice to himself and because he helped to cause the delay.[1] Thus he cannot now validly claim a denial of his right to a speedy trial.

---

1. Defendant had to be arrested on a bench warrant on September 27, 1973 after his release from federal custody.

Judgment of sentence is affirmed.

———

DISSENTING OPINION BY SPAETH, J.:

The purpose of the colloquy is to tell the defendant what his rights are, so that he may intelligently decide whether to waive them. Thus, the requirement that there be a colloquy is based on the assumption that the defendant does not know what his rights are. To say that a defendant who does not complain about a colloquy either before trial or at post-trial motions waives his right to complain later, is the same as saying that a defendant who does not know he has the right to participate in the selection of a jury, because neither the court nor counsel tells him, will not be allowed to say he did not know later, when he finally finds out.

HOFFMAN and PRICE, JJ., join in this opinion.