J-A18043-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AMEER JACKSON, | : | |
| | : | |
| Appellant | : | No. 84 EDA 2017 |

Appeal from the Judgment of Sentence December 8, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division, at No(s): CP-51-CR-0007838-2016

BEFORE:    STABILE, J. STEVENS, P.J.E.** and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED OCTOBER 31, 2018**

Ameer Jackson (Appellant) appeals from the judgment of sentence entered December 8, 2016, after he was found guilty of possession with the intent to deliver (PWID), criminal use of a communication device, possession of a controlled substance, and possession of drug paraphernalia.  Counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  We affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

On January 7, 2016, Officer Charles Kapusniak of the Narcotics Field Unit was conducting surveillance on controlled drug buys with the use of a confidential informant (CI).  N.T., 12/8/2016, at 8-10.  On that day, Officer Kapusniak, along with members of his "squad[,]" gave the CI $20

**Former Justice specially assigned to the Superior Court.

*Retired Senior Judge appointed to the Superior Court.

"prerecorded buy money" and sent the CI to "the intersection of 2200 Fitzwater" where Officer Kapusniak had set up surveillance. *Id.* at 10. There, Officer Kapusniak observed the CI approach Appellant,[1] "engage him in a brief conversation and then hand[] him [the] prerecorded buy money in exchange for small items." *Id.* The CI also received a phone number. Following this exchange, the CI met with another police officer, Officer Burada, and the CI gave him "red packets, each containing an off-white chunky substance of alleged crack cocaine." *Id.*[2]

On January 15, 2016, a call was made to the number the CI was given and the male voice on the other end "instructed the CI to" meet at "a predetermined location." *Id.* at 11. Officer Kapusniak went to the designated area and set up surveillance. *Id.* There, he observed Appellant exit a home, meet with the CI, and "accept US currency and prerecorded buy money in exchange for […] small red items." *Id.* These two red packets contained "an off-white chunky substance of alleged crack cocaine." *Id.*

On March 22, 2016, the same CI was utilized once again. The CI, in the presence of Officer Kapusniak, dialed the phone number previously given, and had "a drug[-]related conversation with a male voice in reference to

---

[1] At trial, Officer Kapusniak identified Appellant as the individual he was investigating and whom he observed participating in the drug transactions. N.T., 12/8/2016, at 9.

[2] Pursuant to "police protocol and procedure[,]" the CI was searched before and after the observed transactions took place. N.T., 12/8/2016, at 11-12.

purchasing crack cocaine." *Id.* at 12. Once again, the CI was given a designated location to meet, and Officer Kapusniak set up surveillance. *Id.* There, Officer Kapusniak observed the CI approach Appellant. *Id.* After a brief conversation, the CI handed Appellant "the prerecorded buy money in exchange for small items, which" Appellant "removed from the front of his pants." *Id.* at 12-13. The CI "returned back to [the police] and turned over two green[-]tinted packets each containing an off-white chunky substance, allege[dly] crack cocaine." *Id.* at 13. A fourth controlled buy occurred on March 30, 2016 using a different CI. *Id.* at 13. Similarly, in exchange for prerecorded buy money, the CI received two green tinted packets. *Id.* at 14. On that day, and each of the aforementioned days, Officer Kapusniak performed a NIK[3] test on the substance, which tested positive "for cocaine base." *Id.* at 13-14.

On April 1, 2016, Officer Kapusniak and members of his "squad executed [a] search warrant" at a home on Kemball Street. Officer Burada arrested Appellant, who was "sleeping in the bedroom." *Id.* at 14-15. In that bedroom, officers recovered a cell phone, which rang when the number the CI had provided to Officer Kapusniak was dialed, "a scale, and three baggies,

---

[3] Narcotics Field Drug Test Kit.

which contained blue, yellow[,] and green tinted packets, all new [and] unused."[4] *Id.* at 15.

Following his arrest, Appellant was charged with the aforementioned crimes. After an on-the-record colloquy, Appellant proceeded to a non-jury trial. After testimony from Officer Kapusniak and Appellant,[5] the trial court found Appellant guilty on all counts charged. *Id.* at 21. That same day, Appellant was sentenced to three years' probation. *Id.* at 23. No post-sentence motions were filed.

On January 4, 2017, counsel timely filed a notice of appeal. The trial court ordered Appellant to file a concise statement of errors complained of on

---

[4] At the time of Appellant's arrest, no drugs were recovered. *Id.* at 18.

[5] Appellant testified in his own defense, denying his role in the drug sales observed by Officer Kapusniak. Specifically, Appellant testified that on January 7th and 15th he was at his "baby mother's house" in Reading, Pa. N.T., 12/8/2016, at 18. He did not recall where he was on March 22nd, but testified that on March 30th, he was at his "other baby mother's house" in Scranton, Pa. *Id.* at 19. Appellant also denied that the cell phone number Officer Kapusniak testified was used to set up the drug transactions belonged to him. *Id.* at 20-21.

appeal pursuant to Pa.R.A.P. 1925, and counsel[6] filed a statement of intent to

file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4).[7]

In this Court, counsel has filed both an **Anders** brief and a petition to

withdraw as counsel. Accordingly, the following principles guide our review.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

---

[6] In this Court, trial counsel, who filed the notice of appeal in this case, sought to withdraw as counsel, citing Appellant's desire to have new counsel appointed. Motion to Withdraw as Counsel for Defendant/Appellant, 2/10/2017. On March 3, 2017, this Court entered an order granting counsel's motion and directing the trial court to determine Appellant's eligibility for court-appointed counsel. Order, 3/3/2017. On March 20, 2017, the trial court appointed Lawrence Bozzelli, Esquire to represent Appellant. Appointment Order, 3/20/2017. Attorney Bozzelli has filed the **Anders** brief subject to this appeal.

[7] The trial court did not file an opinion pursuant to Pa.R.A.P. 1925(a).

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Further, our Supreme Court has specified the following requirements for the *Anders* brief:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has substantially complied with the technical requirements set forth above.[8] Thus, we now have the responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n.5).

In his *Anders* brief, counsel sets forth three claims for this Court's review, which challenge the: (1) sufficiency of the evidence; (2) voluntariness of his jury trial waiver; and (3) discretionary aspects of his sentence. *Anders* Brief at 12-15. We address these claims sequentially.

---

[8] Appellant has not filed a response to counsel's petition to withdraw.

Initially, we note that although the first issue is presented as a claim that the evidence was insufficient to sustain Appellant's convictions, the argument sets forth a challenge to the weight of the evidence. ***See Anders*** Brief at 12-13 (questioning whether there is sufficient evidence to support Appellant's convictions but citing this Court's standard of review when examining a challenge to the weight of the evidence). Challenges to the sufficiency and weight of the evidence are distinct claims.

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, **concedes that there is sufficient evidence to sustain the verdict.** Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. … [T]he role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

***Commonwealth v. Widmer***, 744 A.2d 745, 751–52 (Pa. 2000) (citations, quotation marks, and footnote omitted; emphasis added).

Any weight-of-the-evidence claim is waived due to not having filed a post-sentence motion. *See* Pa.R.Crim.P. 607(a) ("A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion."). *See also Commonwealth v. Burkett*, 830 A.2d 1034, 1037 (Pa. Super. 2003) (providing that a weight of the evidence "claim must be presented to the trial court while it exercises jurisdiction over a matter since [a]ppellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.") (citations and quotation marks omitted).

In reviewing this issue as a properly-preserved sufficiency claim, we are mindful of the following.

> [O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Lynch*, 72 A.3d 706, 707-08 (Pa. Super. 2013) (internal citations and quotations omitted). The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire

- 8 -

trial record and consider all evidence received against the defendant. *Commonwealth v. Markman*, 916 A.2d 586, 598 (Pa. 2007).

Counsel cites the following evidence and testimony that might arguably support a claim that the evidence was insufficient to sustain Appellant's convictions: (1) no prerecorded money or drugs were found during Appellant's arrest; (2) Appellant testified he was not in the area on the dates he was observed making drug sales; and (3) Appellant's cell phone number "was different from the number the police testified they called on multiple occasions[,]" and the number that corresponded to a cellphone recovered from the bedroom Appellant was arrested in. *Anders* Brief at 13-14.

Upon review of the record, we agree with counsel that a challenge to the sufficiency of the evidence based upon the aforementioned evidence and testimony is frivolous. All of Appellant's convictions stem from the four drug buys set up by police with the assistance of a CI and Appellant's subsequent arrest. Although no drugs or prerecorded buy money was recovered in the bedroom where Appellant was arrested or on his person, Officer Kapusniak testified that he personally observed Appellant interacting with the CI and exchanging items, later identified as crack cocaine, for money. N.T., 12/8/2016, at 9-15.

Furthermore, Appellant's testimony that he was not in the area on the dates in question and that the cell phone recovered from the bedroom where he was arrested was not his, is contradicted by Officer Kapusniak's testimony

regarding his investigation and subsequent observations. The trial court, sitting as fact-finder was free to reject Appellant's testimony regarding his location at the time of the drug sales and his link to the cell phone used to set up the purchase of drugs, and was well within its discretion to conclude that Appellant was the individual observed by Officer Kapusniak selling narcotics. *See Commonwealth v. Love*, 896 A.2d 1276, 1283 (Pa. Super. 2006) ("We may not weigh the evidence or substitute our judgment for that of the fact-finder. … When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part, or none of the evidence.")

Next, we address the claim regarding Appellant's waiver of his right to a jury trial. *Anders* Brief at 14. In reviewing this issue, we are mindful of the following.

> We have held that a voluntary waiver of a trial by jury will be found to be knowing and intelligent when the on-record colloquy indicates that the defendant knew the essential ingredients of a jury trial that are necessary to understand the significance of the right being waived. These essential ingredients are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel.

*Commonwealth v. Johnson*, 771 A.2d 751, 757 (Pa. 2001) (citations omitted).

Initially, we note that Appellant raises this issue for the first time on appeal. This Court has previously held that a defendant waives "any right he had to complain about the adequacy of the [jury trial] colloquy when he failed

- 10 -

to raise the question of an unknowing waiver below either at trial, at the argument on post-trial motions, or at a post-conviction hearing[.]" *Commonwealth v. Murray*, 334 A.2d 678, 679 (Pa. Super. 1975). Furthermore, it is well-settled that waived issues are frivolous. *Commonwealth v. Kalichak*, 943 A.2d 285 (Pa. Super. 2008).

Even if this issue were not waived, we would nonetheless find it meritless. In this case, Appellant signed a written colloquy, which was also signed by Appellant's counsel and the Commonwealth's attorney. This colloquy stated, *inter alia*, that if Appellant were tried by a jury: "(a) the jury would be chosen from members of the community thereby producing a jury of his peers; (b) any verdict rendered by a jury must be unanimous, that is, all twelve jurors must agree before they can return a verdict of guilty; and (c) he would be permitted to participate in the selection of the jury." Waiver of Jury Trial, 11/6/2016.

Additionally, the trial court, informed that Appellant sought to waive his right to a jury trial, conducted an on-the-record colloquy and apprised Appellant of the following: (1) Appellant had the right to participate in jury selection, including striking jurors; (2) following testimony, the jury would deliberate and in order to find him guilty, "all 12 would have to agree[;]" and (3) choosing a non-jury trial would put Appellant's "fate in the hands of one person, [the trial court], versus 12 other jurors." N.T., 12/8/2016, at 6-7. Appellant stated he understood the differences between a jury and a non-jury

trial. *Id.* at 6-8. The trial court then asked Appellant a series of questions concerning the voluntariness of his waiver. *Id.* at 8. Appellant confirmed that his decision was of his own free will and he was not threatened or promised anything in exchange for his waiver. *Id.*

Based upon totality of the circumstance, including Appellant's written and oral[9] colloquies, we find Appellant made a knowing and voluntary decision to waive his right to a jury trial. *See Commonwealth v. Dunn*, 623 A.2d 347 (Pa. Super. 1993) (holding a valid jury trial waiver where Appellant (1) signed a written waiver, which was witnessed by counsel, and (2) was subjected to a thorough colloquy by the trial court).

Appellant's final issue challenges the discretionary aspects of his sentence. We consider this claim mindful of the following.

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the

---

[9] We are cognizant that during Appellant's oral colloquy the trial court failed to inform Appellant of one of the essential ingredients of a jury trial: if Appellant proceeded to a jury trial, the jury would be chosen from members of the community. Despite not informing Appellant of this particular point on the record, it was included in Appellant's written colloquy. Waiver of Jury Trial, 11/6/2016. Furthermore, this Court has held that a "lower court's failure to use the word 'peers' or 'chosen from the members of the community' in advising appellant of his right to a jury trial does not constitute error." *Commonwealth v. Fortune*, 433 A.2d 65, 71 (Pa. Super. 1981). Thus, this omission does not alter our disposition.

issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Samuel**, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

Here, Appellant made no challenge to his sentence either at the sentencing hearing or in a post-sentence motion. Accordingly, no discretionary-aspects claim has been preserved for our review, rendering it frivolous. **Kalichak**, 943 A.2d at 291 (Pa. Super. 2008) ("[T]his issue has been waived. Having been waived, pursuing this matter on direct appeal is frivolous."). Moreover, we discern no substantial question that sentencing norms were ignored: Appellant received a standard-range sentence of three years' probation.[10]

Accordingly, we agree with counsel that the issues raised on appeal are frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." **Flowers**, 113 A.3d at 1248. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

---

[10] With Appellant's prior record score of zero and offense gravity score of five, the sentencing guideline range was restorative sanctions to nine months' incarceration, plus or minus three. N.T., 2/2/2017, at 2.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 10/31/18